COMMONWEALTH *vs.* THOMAS GALLAGHER.

Plymouth.     October 18. — 19, 1887.     C. ALLEN & KNOWLTON, JJ., absent.

A complaint on the Pub. Sts. *c.* 101, §§ 6, 7, alleging that the defendant, at a place and on a day named, and on divers other days and times between that day and the day of making the complaint, "is guilty of keeping and maintaining a certain tenement, then and there used for the illegal keeping and illegal sale of intoxicating liquors," is sufficient.

COMPLAINT to the Third District Court of Plymouth, on the Pub. Sts. *c.* 101, §§ 6, 7, dated November 17, 1886, alleging that the defendant, at Plymouth, on September 17, 1886, and on divers other days and times between that day and the day of making the complaint, " is guilty of keeping and maintaining a certain tenement, then and there used for the illegal keeping and illegal sale of intoxicating liquors, to the great damage and common nuisance of all the peaceable citizens of the Commonwealth there residing and passing, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

At the trial in the district court, the defendant moved to quash the complaint, which motion was overruled, and the defendant found guilty.

At the trial in the Superior Court, before *Thompson*, J., the jury returned a verdict of guilty ; and the defendant moved in arrest of judgment, on the ground that the complaint set forth no offence under the statutes of this Commonwealth. This motion was overruled, and the defendant alleged exceptions.

*J. F. Simmons*, for the defendant, cited *Commonwealth* v. *Miller*, 8 Gray, 484, 486; *Commonwealth* v. *McNamara*, 116 Mass. 340; Whart. Cr. Pl. (8th ed.) §§ 132, 133.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. The allegation in the complaint, that the defendant "is guilty of keeping and maintaining a certain tenement," is equivalent to an allegation that he "did keep and maintain a certain tenement." It means the same thing, and the defendant could not have misunderstood it. Taken with its context, it is susceptible of no other meaning. Though this form of allegation is not to be commended, it is not uncertain, and does not furnish reason for quashing the complaint.

*Exceptions overruled.*